UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 1:98-CR-125

v.

                                  HON. DAVID W. McKEAGUE*

ORAL MENDEZ,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
APPROVING REPORT AND RECOMMENDATION
AND DENYING § 2255 MOTION**

Defendant Oral Mendez has filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the report and recommendation filed by the United States Magistrate Judge, recommending that the motion be denied. Defendant has filed timely objections to the report and recommendation. In accordance with 28 U.S.C. § 636 (b)(1), the Court has performed *de novo* consideration of those portions of the report and recommendation to which objection has been made. The Court now finds the objections to be without merit.

Defendant objects to the report and recommendation on several grounds, contending that the holding of *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), should be applicable to his guilty plea; that his United States Sentencing Guidelines base offense level was improperly calculated on

_____
      * Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

the basis of crack cocaine; that consideration of the "Panama drugs" unfairly resulted in an increase of his ultimate sentence; and that he received ineffective assistance of counsel.  The Court has duly considered the report and recommendation in light of these objections and finds that defendant's arguments are clearly, completely and properly addressed in the report and recommendation.  In these respects, defendant's objections do not undermine the integrity of the magistrate judge's analysis in any way.  The Court need not reiterate the analysis here; rather, the magistrate judge's analysis is hereby adopted by the Court in its entirety.

One matter, however, deserves further attention.  Defendant also objects to the magistrate judge's determination that the holding of *Blakely v. Washington,* 124 S. Ct. 2531 (2004), does not apply to the United States Sentencing Guidelines.  Defendant further contends the magistrate judge erred in his application of *Teague v. Lane,* 489 U.S. 288 (1989), when he assumed *arguendo* that even if *Blakely* were to apply to the United States Sentencing Guidelines, it would not apply retroactively to upset defendant's judgment of sentence.

At the time the report and recommendation issued, as the magistrate judge correctly observed, the controlling authority in this circuit held that *Blakely* did not apply to the United States Sentencing Guidelines.  *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004).  Since then, on January 12, 2005, in *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court applied the *Blakely* reasoning to the United States Sentencing Guidelines, holding that "any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.  However, in *Humphress v. United States,* 398 F.3d 855, 861 (6th Cir. 2005), the Sixth Circuit applied the three-step analysis from *Teague v. Lane* to determine

whether this new rule of criminal procedure applies to a case on collateral review. The *Humphress* court concluded that the Supreme Court's intervening decision in *Booker*, which now governs defendant's *Blakely* claim, does not apply retroactively to cases already final on direct review. *Id.* at 863. *Booker* was decided three years after defendant's conviction was finalized on January 18, 2002. It follows that defendant's objection based on retroactive application of the holding of *Blakely* must also be overruled.

Accordingly, the report and recommendation of the magistrate judge is **APPROVED** and defendant's § 2255 motion to vacate, set aside, or correct his sentence is hereby **DENIED**.

**IT IS SO ORDERED**.


Dated:   June 16, 2005                               /s/   David W. McKeague
                                                     HON. DAVID W. McKEAGUE
                                                     UNITED STATES CIRCUIT JUDGE